Mark Clayton Choate, Esq., AK #8011070
Jon M. Choate, Esq. AK # 1311093
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 856-3894
Email: lawyers@choatelawfirm.com

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| NATALIA DODOVA, as Personal Representative of the ESTATE OF NICKOLAY ALEXANDROV DODOV, and the NICKOLAY DODOV FOUNDATION,<br><br>Plaintiffs,<br>vs.<br><br>ALASKA HELISKIING, LLC,<br><br>Defendant. | Case No.: 1JU-14-502 CI |

**COMPLAINT FOR LOSSES AND HARMS**

(Dated: February 10, 2014)

**SUMMARY OF CLAIMS**

On March 13, 2012, Nickolay Dodov was fatally injured in an avalanche on a back country heli skiing/snowboarding outing conducted by ALASKA HELISKIING, LLC, on Tankin Ridge in Haines, Alaska. Plaintiffs seek damages for the wrongful death of their son and for funds to be used to promote snow sport safety and awareness so as to prevent and/or limit, needlessly endangering outdoor sports enthusiasts throughout the United States, including Alaska's backcountry.

## VENUE AND JURISDICTION

1. The allegations in this Complaint arise from the breach of duty of care owed by defendant ALASKA HELISKIING, LLC, to plaintiff's decedent, Nickolay Dodov on March 13, 2012 in Haines, Alaska. Venue is proper in the First Judicial District under ARCP Rule 3(c).

2. At all times mentioned herein Plaintiffs, NATALIA DODOVA and ALEX DODOV are the natural parents of decedent, Nickolay Dodov. NATALIA DODOVA is the Personal Representative of the Estate of Nickolay Dodov. ALEX DODOV and NATALIA DODOVA are the President and Vice-President, respectively, of the NICKOLAY DODOV FOUNDATION, a registered 501 Non-Profit Organization. Plaintiffs are residents of Bear Valley, California.

3. At all times relevant, ALASKA HELI SKIING, INC. ("AH") was an Alaska Corporation licensed to do, and doing business in HAINES, ALASKA offering services including but not limited to guided, back country heli-skiing and snow boarding tours.

## RELEVANT FACTS

4. ALASKA HELISKIING, LLC markets itself as being able to provide safe, high-risk backcountry activities through their stringent safety measures.

5. AHL's web site promotes its operation as "PROFESSIONAL," "DEPENDABLE," "PARAMOUNT":

**Professional**: The term describes the standards of education and training that prepare members of the profession with the particular knowledge and skills necessary to perform the role of that profession. In addition, most professionals are subject to strict codes of conduct enshrining rigorous ethical and moral obligations.

**Dependable**: Synomous with reliable, responsible, safe, secure, sure, tried-and-true, true, trustable, trustworthy.

**Paramount**: Of chief concern or important – as in safety.

6. AH's business is a tourism related activity with a narrow window of time to make its money.

COMPLAINT FOR LOSSES & HARMS
*Estate of Dodov v. Alaska Heliskiing LLC.*
Page 2 of 6

7. It is foreseeable that AH's business model encouraged pushing the envelope operationally in order to maximize profit.

8. AH's website reveals a subtle but telling truth. The website states *"our 'no frills' operations concentrate on getting you to the big mountain backcounrty only accessible by helicopter, for an affordable price."*

9. The weather in the days before the avalanche was documented on the Haines Avalanche Information Center website and reported as follows:

> 02/20/12 – an upside-down storm brought 10-15" of snow to the mountain areas.
>
> 02/26/12-02/28/12 – cloudy and cool conditions and some cold nights eventually brought in 8-14" of weak upside-down snow in the mountain areas with **gusty south winds**.
>
> 03/01/12 – another 8-14" of snow fell in **strong south winds**.
>
> 03/06/12 – 4-8" of additional snow.
>
> 03/07/12-03/09/12 – another 2-4 feet of moderately dense snow with **strong south winds.**
>
> 03/10/12 – another 12" or so of additional snow in the mountains.

10. The winter months of 2012 produced above average snowfall for Haines.

11. The Haines Avalanche Information Center report which expired March 11, 2012 at 11:00 p.m. indicated that avalanche danger as "considerable" (which is one level below "high"). "Considerable" is considered a level "3" on the North America Public Avalanche Danger Scale according to information on the Haines Avalanche Information web site. This scale indicates that at danger level 3, human-triggered avalanches are "likely" and that "careful snowpack evaluation, cautious route-finding and conservative decision making are essential."

12. AH should have been aware that the combination of these conditions created a heightened risk of avalanche.

### FIRST CAUSE OF ACTION

### Negligence – Breach of the Duty of Care

COMPLAINT FOR LOSSES & HARMS
*Estate of Dodov v. Alaska Heliskiing LLC.*
Page 3 of 6

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490 Fax:(888) 856-3894

13. Plaintiffs re-allege paragraphs 1 through 12 as if fully set forth herein.

14. On March 13, 2012, Decedent hired ALASKA HELISKIING ("AH") to provide him with safe, professional, backcountry mountain skiing/snowboarding guide services.

15. Decedent relied upon AH's expertise in assessing snow conditions, including threat of avalanche when selecting the site for skiing and snowboarding.

16. Decedent relied upon AH in providing the appropriate number of guides, having the necessary communications and rescue equipment, and assessing each client's personal safety equipment being in place and operational.

17. Upon information and belief, plaintiffs allege that prior to the subject fatal avalanche incident, a snowpack evaluation was done by Rob Lieberman, after which he decided to seek an alternative route in order to look for better snow.

18. On the morning of March 13, 2012, instead of canceling the run due to prevailing snow and/or avalanche conditions, AH's guide, Rob Lieberman chose to take off in search of better snow conditions with his clients in tow.

19. Upon Lieberman's direction, decedent began his descent and in the process, triggered the fatal avalanche.

20. AH through its guide Lieberman's actions, sought profit above safety.

21. AH breached the standard of care by the following non-inclusive list of actsion and inactions:

   a) Failing to properly assess the snow conditions;
   b) Choosing to ski a ridge with a maximum angle of 44 degrees and average slope angle of 35 degrees;
   c) Failing to make full disclosure of risk;
   d) Marketing efforts emphasizing safety, implying reduced risk;
   e) Marketing efforts emphasizing affordability, implying cost cutting at the risk of safety;
   f) Failing to exercise the judgment required of a competent guide in assessing the safety of skiing prior to the subject fatal run;
   g) Failing to provide a second guide;

COMPLAINT FOR LOSSES & HARMS
*Estate of Dodov v. Alaska Heliskiing LLC.*
Page 4 of 6

h) Failing to timely execute post-accident procedures;

i) Failing to provide adequate radios;

j) Inadequately training clients in avalanche search techniques;

k) Allowing Lieberman to guide while under the influence;

l) Allowing Lieberman to guide knowing he used drugs that could alter his ability to safely assess snow conditions.

22. As a direct and legal result of AH's negligence plaintiffs' decedent was fatally injured.

23. AH's negligence was a substantial factor in causing decedent's estate to incur bills for emergency transport and hospitalization in an amount according to proof at time of trial.

24. AH's negligence was a substantial factor in causing ALEX DODOV and NATALIA DODOVA to incur funeral and burial expenses in an amount according to proof at time of trial.

25. AH's negligence was a substantial factor in causing plaintiffs to suffer economic losses in an amount according to proof at time of trial.

WHEREFORE, plaintiffs pray for judgment against the defendant, as to each and every cause of action, as follows:

1. For general damages as proven at time of trial;
2. For special damages as proven at time of trial;
3. For funeral, burial and other like expenses as proven at time of trial;
4. For funding to promote safe backcountry snow activities;
5. For lost wages and lost earning capacity;
6. For attorneys fees and costs as provided by law;
7. For pre-judgment and post-judgment interest at the highest rates provided by law;
8. For punitive damages according to proof at time of trial;
9. For such other and further relief as the court may deem proper.

DATED: Monday, February 03, 2014, at Juneau, Alaska.

CHOATE LAW FIRM LLC
Attorneys for Plaintiffs

By: _____
Mark Choate, 8011070

COMPLAINT FOR LOSSES & HARMS
*Estate of Dodov v. Alaska Heliskiing LLC.*
Page 6 of 6

THIS CASE FORMALLY ASSIGNED TO
JUDGE H.R.P. HALLENBERG
BY ORDER OF ... ... ... JUDGE